United States District Court
Middle District of Florida
Tampa Division

PROVIDED TO GULF CI
MAILROOM

SEP 1 0 2025

INMATE'S INITIALS
OFFICER'S INITIALS

Kenneth J. Kendrick
DC#103035
Petitioner,

Vs.

Warden Michael Pabis,
Gulf Correctional Institution,
Respondent.

_____/

Case No: 8:25 CV-2476-KKM-AAS
(To Be Assigned by Clerk's Office)
State District Court Case No: 1D2024 - 0539

## NOTICE OF REMOVAL

Comes now, Petitioner, Kenneth J. Kendrick, appearing pro-se, pursuant to 28 U.S.C. §1443(1) and (2) and submits this Notice of Removal that Petitioner is removing his State case from this Appellate Court and is transferring it to Federal U.S. District Court. In support, Petitioner Kendrick avers:

## JURISDICTIONAL AUTHORITIES

Section 28 U.S.C. §1443(1) provides a mechanism for a criminal defendant to remove his State case matter to Federal Court because the Defendant has been or will be deprived of a right in State Courts. In, Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L.

1

Ed. 2d 21 (1975) the U.S. Supreme Court outlined the two-prong test that a Defendant must meet to make use of this mechanism: a Defendant must demonstrate (1) "that the right allegedly denied arises under a Federal law providing for specific civil rights stated in terms of racial equality" and (2) that the specific Federal Rights are denied or cannot be enforced in the courts of the State. 28 U.S.C. §1446 provides that a defendant desiring to remove any civil or criminal action from State to Federal court shall file the Notice of Removal in the district court. Section 1446(d) provides that the defendant shall give written notice to all adverse parties and shall file a copy with the clerk of the State Court and the State Court shall proceed no further unless and until the case is remanded. Heilman v. Fla. Dept of Revenue, 727 So.2d 958 (Fla. 4th Dist. 1998). When a movant petition is filed and proper notice is given, the entire case is transferred to the federal district court. Further, the remand statute 28 U.S.C. §1447(c) provides that remand is appropriate only where the federal court lacks jurisdiction over the case. Meseda v. Honda Motor Co., 861 F. 2d 1248, 1254 (11th Cir. 1998).

Petitioner was a prisoner at Walton Correctional Institution. On or about August 22, 2023, Petitioner Kendrick's classification officer Mr. Stromenger placed Petitioner Kendrick in the computer for a good transfer to an Incentivized Institution closer to his family in Tampa. On October 30, 2023, a young trainee officer became angry at Petitioner Kendrick then unjustly used chemical agents mace in Petitioner's face before a Sergeant Remo physically abused Petitioner Kendrick while he was handcuffed behind his back on camera and not resisting. While in the confinement unit he was denied food and water for six days. After Petitioner Kendrick was released back into general population, Petitioner Kendrick filed a civil legal action against Walton C.I. and prison officials including the Warden who was there in the dorm while Petitioner was being abused. See attached Exhibit A. In retaliation to Petitioner Kendrick exercising his First Amendment right and filing his civil action into court, Petitioner was transferred to a much more dangerous institution even further up north from Tampa called Gulf Correctional Institution. See, <u>Smith v. Florida Department of Corrections</u>, 713 F.3d 1059, 1063 (11th Cir. 2013):

"Claim stated when prisoner presented evidence that prison officials transferred him in retaliation for his civil suit against them."

<u>Davis v. Kelly</u>, 160 F.3d 917, 920 (2d Cir. 1998):

"Claim stated when prisoner alleged transfer in retaliation for bringing civil rights claim against prison officials."

<u>Fogle v. Pierson</u>, 435 F.3d 1252, 1265 (10th Cir. 2005):

"Claim stated when prisoner alleged transfer in retaliation for complaining about placement in Administrative Segregation."

Petitioner Kendrick is now presently pending transfer closer to Tampa at an institution called Zephyrhills Correctional Institution because Petitioner Kendrick is now 60 years old. See attached Exhibit B. However, now Gulf Correctional Institution property room Sergeant Ms. Edwards has threatened Petitioner Kenrick that she would pay a gang of inmates to do something to Petitioner for writing her up so much.

Respectfully Submitted,

/s/ Kenneth J. Kendrick

Kenneth J. Kendrick DC#103035
Gulf Correctional Institution
500 Ike Steele Road
Wewahitchka, Florida 32465

## CONCLUSION

Wherefore, Petitioner submits this formal notice and within the next few days he shall be submitting his Petition to Remove State Case to Federal Court" with more clear detail facts.

Respectfully Submitted,

/s/ *Kenneth J. Kendrick*

Kenneth J. Kendrick DC#103035
Gulf Correctional Institution
500 Ike Steele Road
Wewahitchka, Florida 32465

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Notice of Removal has been hand delivered to mailroom prison officials here at Gulf Correctional Institution for mailing out by First Class U.S. Mail, postage prepaid, to the below listed addresses on this 10th day of August 2025.

1. First District Court of Appeal
   Office of the Clerk
   2000 Drayton Drive
   Tallahassee, Florida 32399 - 0950

2. Warden Michael Pabis,
   Gulf Correctional Institution
   500 Ike Steele Road
   Wewahitchka, Florida 32465

3. Attorney General's Office
   PL – 01
   The Capitol
   400 South Monroe Street
   Tallahassee, Florida 32399

/s/ Kenneth J. Kendrick
Kenneth J. Kendrick DC#103035

## DISTRICT COURT OF APPEAL, FIRST DISTRICT
## 2000 Drayton Drive,
## Tallahassee, Florida 32399-0950
## Telephone No. (850) 488-6151

August 23, 2024

Kenneth J. Kendrick,

       Appellant(s)

v.

Warden Tony Knight, Sergeant
Joseph Ward, Walton Correctional
Institution, Florida Department of
Corrections,

       Appellee(s).

**Case 1D2024-0539**

L.T. No.: 2024-CA-34

## BY ORDER OF THE COURT:

Because Appellant failed to respond to this Court's order docketed July 12, 2024, which required Appellant to comply with this Court's order, dated May 21, 2024, that required Appellant to serve the initial brief, the Court dismisses this case.

**I HEREBY CERTIFY** that the foregoing is a true copy of the original court order.

Served:
Walton Clerk
General Counsel Department of Corrections
Kenneth James Kendrick
Ashley Moody

MC

Exhibit A

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden  ☑ Classification  ☐ Medical  ☐ Dental |
| | ☐ Asst. Warden  ☐ Security  ☐ Mental Health  ☐ Other _____ |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | KENNETH KENDRICK | 103035 | B1137 | HouseMAN | 6-19-25 |

**REQUEST**                    Check here if this is an informal grievance ☐

Classification Specialist Ms. Phillips

I just spoke with my ~~father~~ family yesterday

And they told me to ask you do you still have
me in f/or transfer to AN elderly institution
closer to Tampa?

Thank You

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____   DC#: _____

———— DO NOT WRITE BELOW THIS LINE ————

**RESPONSE**                    DATE RECEIVED: _____

Your transfer to Zephyrhills have
been approved.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J. Phillips CLO | Official (Signature): _____ | Date: |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DCI-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)                    Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit B